E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-8819-GHK (JEMx) | Date | May 11, 2016 |
| Title | *Nicole A. Smith, et al. v. Bank of America, N.A., et al.* | | |

**Presiding: The Honorable** **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re**: Motion to Dismiss Complaint [Dkt. 7]

This matter is before us on the above-captioned Motion of Defendants The Bank of New York Mellon fka The Bank of New York as Trustee for the Benefit of the Certificate Holders of the CWALT Inc. Alternative Loan Trust 2005-59, Mortgage Pass Through Certificates, Series 2005-59; Mortgage Electronic Registration Systems, Inc.; and Doe Defendant Select Portfolio Servicing, Inc. (collectively, "Defendants"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Accordingly, we rule as follows:

## I. Background

On August 17, 2005, Plaintiffs Nicole A. Smith and Charlie Smith (collectively, "Plaintiffs") borrowed $690,500.00 from American World Financial Group, Inc. to purchase property in Los Angeles (the "Property"). (*See* Request for Judicial Notice, ("RJN"),[1] Ex. A (Deed of Trust).) The loan was secured by a Deed of Trust with Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*) On May 9, 2011, MERS assigned the Deed of Trust to The Bank of New York Mellon. (*Id.*, Ex. B (assignment document).) At some point in 2008, Plaintiffs defaulted on their loan, and Recontrust Company, acting as agent for the beneficiary, recorded a Notice of Default and Election to sell under Deed of Trust. (*Id.*, Ex. C (Notice of Default document dated June 6, 2008).) A Notice of Trustee's Sale was recorded on September 10, 2008. (*Id.*, Ex. E (Notice of Trustee's Sale document).) However, Plaintiffs and Defendants agree that the Property has not yet been sold. (*See* Opp'n at 10 ("Defendants are correct that a foreclosure has not been completed . . . .").) On April 2, 2014, Quality Loan Service Corp., acting as trustee under the Deed of Trust, recorded another Notice of Default. (*Id.*, Ex. D (Notice of Default document).)

---

[1] Defendants request that we take judicial notice of several documents pertaining to the Property. [*See* Dkt. 8.] The documents are all filed in the public record, and we therefore **GRANT** this request. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Plaintiffs do not object to our consideration of these documents.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-8819-GHK (JEMx) | Date | May 11, 2016 |
|---|---|---|---|
| Title | *Nicole A. Smith, et al. v. Bank of America, N.A., et al.* | | |

On October 6, 2015, Plaintiffs filed the instant action in California state court alleging the following twelve claims: (1) "Violation of the California False Claims Act ['CFCA']," (2) "Fraud," (3) "Violation of the Federal and State Fair Debt Collection Practices Acts [the 'FDCPA' and 'RFDCPA,' respectively]," (4) "Predatory Lending Practices," (5) "Breach of Contract/Trust/Fiduciary Duty," (6) "Wrongful Foreclosure," (7) "Violation of Business and Professions Code Sections 17200 et seq. ['UCL']," (8) "Violation of the Consumer Legal Remedies Act ['CLRA']," (9) "Declaratory Relief," (10) "Quiet Title," (11) "Cancellation of Instruments," and (12) "Accounting." (Compl.) Plaintiffs brought these claims against Defendants as well as Bank of America, N.A.; BAC Home Loans Servicing, LP; and Recontrust Company, N.A. (collectively, "Prior Defendants"). Plaintiffs voluntarily dismissed Prior Defendants on March 7, 2016. [*See* Dkt. 30.] The action was removed on November 12, 2015. [Dkt. 1.] Defendants filed the present Motion on November 23, 2015. [Dkt. 7.] Plaintiffs untimely opposed on April 6, 2016.[2] [Dkt. 35.]

## II. Legal Standard

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must set forth "more than labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint alleges facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* We must accept the complaint's allegations as true and construe them in a light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that

---

[2] Plaintiffs initially failed to timely oppose this Motion, resulting in dismissal of Defendants on December 17, 2015. [Dkt. 12.] Plaintiffs sought relief from this dismissal through (1) an ex parte application, [Dkt. 13]; (2) a "Motion to Grant Leave to Amend the Complaint," [Dkt. 18]; and (3) a joint stipulation to vacate the dismissal order, [Dkt. 20]. We rejected all of these requests as procedurally improper. On February 16, 2016, Plaintiffs filed a motion to vacate our dismissal order, [Dkt. 27], which we granted on March 22, 2016, [Dkt. 34]. In our Order, we admonished Plaintiffs' counsel's "lack of diligence and professionalism" and cautioned counsel to "fully comply with all applicable federal and local rules in moving forward with this case." [*Id.*] Despite our warning, Plaintiffs' counsel has filed the opposition to the present Motion past the deadline set forth in our March 22, 2016 Order. [*See id.*] We are deeply troubled by Plaintiffs' counsel's repeated failure to comply with the deadlines in this action and his cavalier attitude toward our express instructions. While we have forgiven this behavior in the past, we will not extend such forgiveness in the future. Any subsequent failure to comply with applicable deadlines may result in dismissal of this action and/or such other sanctions against counsel as may be appropriate.

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). We must consider the complaint in its entirety, materials incorporated into the complaint by reference, and matters of which we may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

## III. Analysis

### A. Dismissal of the Entire Complaint

Defendants argue that we should dismiss the entire Complaint because it fails to present claims in "any sort of manner that could possibly be deemed to fairly put the various defendants on notice of their purported wrongdoing." (Mot. at 4.) Each allegation in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). "Confusing, ambiguous, and distracting pleadings do not meet the requirements of Rule 8." *Xing Wei Jing v. Cty. of L.A.*, 2014 WL 4978436, at *2 (C.D. Cal. Oct. 6, 2014). Similarly, a complaint that lumps multiple defendants together in its allegations does not satisfy the requirements of Rule 8. *See In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) ("Plaintiffs' failure to allege what role each Defendant played in the alleged harm makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.").

Plaintiffs' fifty-five-page Complaint is verbose, unorganized, vague, and repetitive. The allegations are overly-general and difficult to decipher. These characteristics run afoul of Rule 8's pleading requirements, warranting dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Moreover, as Defendants identify, the allegations in the Complaint state that "Defendants" committed the allegedly improper acts, but the Complaint does not clearly delineate which Defendants committed which act.[3] While, the Complaint occasionally references the actions of "Kevin Mullin who is an employee of Defendant BAC Home Loan Servicing, LP," (*see, e.g.*, Compl. ¶ 24), such allegations do not assist us in the present Motion because BAC Home Loans Servicing, LP has been dismissed. [*See* Dkt. 30.] Because the Complaint lumps multiple Defendants together, we are unable to discern what allegedly wrongful conduct relates to which Defendant. The Complaint fails to meet the Rule 8

---

[3] Plaintiffs argue that grouping the allegations against multiple Defendants is appropriate in this instance because the references to "Defendants" is "designed to encompass the civil conspiracy which occurred and is described in the Complaint." (Opp'n at 6.) This argument is unpersuasive. Plaintiffs' allegations of a "civil conspiracy" do not excuse its Rule 8 obligations to clearly state allegations and put each Defendant on notice of the nature of the claims against them. And, notwithstanding the existence of a conspiracy, Plaintiffs still must sufficiently allege an underlying wrong. Additionally, Plaintiffs' allegations regarding this alleged "civil conspiracy" are themselves vague, unspecific, and conclusory. (*See* Compl. ¶¶ 8, 22(i)-(xxvii).)

requirements. *See Harris v. Harris*, 2012 WL 1435680, at *8 (E.D. Cal. Apr. 25, 2012) (concluding that a complaint did not satisfy the pleading requirements of Rule 8(a) or (d) where the "claims within [the] complaint each consist of allegations against 'defendants' generally, making it impossible to discern which allegations are targeted against which defendants"). Accordingly, we **DISMISS** the Complaint, in its entirety, under Rule 8.

**B. Dismissal of the Individual Claims**

**1. CFCA Claim**

"The CFCA permits the recovery of civil penalties and treble damages from any person who knowingly presents a false claim for payment to the state or a political subdivision." *Mao's Kitchen, Inc. v. Mundy*, 209 Cal. App. 4th 132, 146 (2012) (internal quotation marks omitted). "A person may bring a civil action for a violation of this article for the person and either for the State of California in the name of the state, if any state funds are involved, or for a political subdivision in the name of the political subdivision, if political subdivision funds are exclusively involved." Cal. Gov't Code § 12652(c)(1). This is not qui tam action as Plaintiffs assert their claims in their individual capacities on behalf of themselves. Plaintiffs also fail to sufficiently allege how Defendants have knowingly presented a false claim for payment to the state or a political subdivision. We fail to see any basis for curing this defect through amendment, and Plaintiffs do not provide facts or explanation to this effect. We conclude that amendment of this claim would be futile and **DISMISS** this claim **without leave to amend**.

**2. Fraud Claim**

To establish fraud, a plaintiff must prove "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (internal quotation marks omitted). For a fraud claim against a corporation, the complaint must also "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991). Claims for fraud must meet Rule 9(b)'s particularity requirement. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The complaint must specify facts such as "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (alterations omitted). As previously explained, the Complaint generally alleges fraud against "Defendants," but does not elaborate on the specific role each Defendant played in this alleged fraud. The Complaint fails to meet

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-8819-GHK (JEMx) | Date | May 11, 2016 |
| Title | *Nicole A. Smith, et al. v. Bank of America, N.A., et al.* | | |

Rule 9(b)'s pleading requirements. It is currently uncertain whether Plaintiffs could cure this claim through amendment. Thus, we **DISMISS** this claim **with leave to amend**.

### 3. FDCPA and RFDCPA Claims

The Ninth Circuit "has not spoken on the issue of whether non-judicial foreclosure activities constitute 'debt collection' within the meaning of the FDCPA," but the "vast majority of district courts within this circuit that have considered the issue have concluded that they are not." *Henderson v. Select Portfolio Servs., Inc.*, 2016 WL 1059414, at *3 (N.D. Cal. Mar. 17, 2016). We have approved this majority view. *See Cochran v. The Bank of N.Y. Mellon Trust Co., N.A.*, 2015 WL 4573890, at *3-4 & n.9 (C.D. Cal. July 29, 2015). Similarly, non-judicial foreclosure activities do not constitute "debt collection" under the RFDCPA. *See Ines v. Countrywide Home Loans, Inc.*, 2008 WL 4791863, at *3 (S.D. Cal. Nov. 3, 2008) ("The Court finds that the Complaint arises out of the allegedly unlawful foreclosure on Plaintiff's property pursuant to a deed of trust, which does not fall within the meaning of the RFDCPA or the FDCPA."). The allegations in this claim pertain to Defendants' non-judicial foreclosure activities. (*See, e.g.*, Compl. ¶ 40 ("Defendants surprised and gained an unlawful and unfair advantage over Plaintiff[s] by allegedly foreclosing on the home during same time [sic] the process of a loan modification or settlement with Plaintiff[s] was taking place.").) Plaintiffs contend that the "Complaint alleges a number of activities undertaken by [Defendants] beyond their attempt at foreclosure," pointing to paragraphs 42 and 43. (Opp'n at 8.) Nevertheless, the alleged violations set forth in these paragraphs merely present conclusory allegations that various provisions of the FDCPA and RFDCPA were violated. We fail to see a plausible factual basis for future amendment of this claim, and Plaintiffs do not provide one. This claim is therefore **DISMISSED without leave to amend**.

### 4. Predatory Lending Practices Claim

"Predatory lending practices" is not a stand-alone claim. To the extent Plaintiffs allege violations of the Truth in Lending Act ("TILA"), such claims would be barred because (1) the statute of limitations for TILA claims is one year, *see* 15 U.S.C. § 1640(e); and (2) the assignment giving rise to the alleged TILA violations took place in 2011, which is past this one-year limitations period, (*see* RJN, Ex. B). It is unclear if Plaintiffs can allege facts showing that the statute of limitations should be tolled. Thus, any claim for violation of TILA is **DISMISSED with leave to amend**.

To the extent Plaintiffs allege violations of California Finance Code §§ 4970-4979.8 rather than TILA, the Complaint only sets forth conclusory assertions to this effect. (*See* Compl. ¶ 50 ("Defendants, and each of them, conspired to engage in such practices and in violation of California Finance Code [] §§ 4970-4979.8 (Division 1.6). . . . Defendants engaged in unlawful conduct and practices including: a. creating loan agreements which were deceptive and intended to insure that Plaintiff[s] would not be able to repay the loans . . . .").) Any claim for violation of California Finance Code §§ 4970-4979.8 is **DISMISSED with leave to amend**.

**5. Breach of "Contract/Trust/Fiduciary Duty" Claim**

As Defendants point out, the Complaint only alleges that "Defendants entered into a series of verbal agreements and agreements implied by Defendants' representations and Plaintiffs['] response thereto . . . to give Plaintiff[s] the option to modify the loan on the Subject Property or engage in a shortsale of the Subject Property without the Defendants proceeding to foreclose on the Subject Property." (Compl. ¶ 56.) The Complaint does not specify which, if any, Defendants entered into these alleged agreements. Thus, Plaintiffs have failed to allege facts to state a plausible claim for breach of contract.

Moreover, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal. App. 4th 182, 206 (2012) (internal quotation marks omitted); *see also Rufini v. CitiMortgage, Inc.*, 227 Cal. App. 4th 299, 312 (2014) ("[Plaintiff's] factual allegations do not show that [the Lender's] activities went beyond its conventional role as a mere lender of money and therefore do not establish the existence of a fiduciary duty."). Plaintiffs do not allege that Defendants' involvement with Plaintiffs exceeded the scope of a conventional lender of money. Thus, Plaintiffs have failed to sufficiently plead a claim for breach of fiduciary duty.

Accordingly, Plaintiffs' breach of "contract/trust/fiduciary duty" claim is **DISMISSED with leave to amend**.[4]

**6. Wrongful Foreclosure**

The elements of an equitable claim for wrongful foreclosure are "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *See Ogilvie v. Select Portfolio Servicing*, 2012 WL 4891583, at *6 (N.D. Cal. Oct. 12, 2012) (quoting *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104 (2011)). Plaintiffs concede that the Property has not yet been sold. (Opp'n at 10.) Thus, they cannot state a plausible claim for wrongful foreclosure under these elements. *See Thuyduong Nguyen v. Saxon Mortg. Servicing, Inc.*, 2011 WL 2636261, at *2 (E.D. Cal. July 5, 2011) ("Since Plaintiffs' house has not yet been sold, a claim for wrongful foreclosure is not yet ripe."). This deficiency cannot be cured through amendment. We therefore **DISMISS** this claim **without leave to amend**.

[4] It is unclear what the breach of "trust" refers to.

**7. UCL and CLRA Claims**

Regarding the UCL claim, Plaintiffs concede that "an amendment here would be appropriate in light of the dismissal of the defendants who settled." We agree, as Plaintiffs have failed to state a plausible claim under either the unlawful, unfair, or fraudulent prongs of the UCL. Thus, the UCL claim is **DISMISSED with leave to amend**.

The CLRA prohibits various "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). A mortgage loan is neither a good nor a service for purposes of the CLRA. *See Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015). Plaintiffs' CLRA allegations merely pertain to Plaintiffs' mortgage loan. (*See, e.g.*, Compl. ¶ 70 ("Defendants failed to record or cause to be recorded any such documents of the applicable loans and security instruments to the [Property] and further engaged in a process with the intent of avoiding payments to the Counties of the State.").) Plaintiffs do not explain how this deficiency can be cured through amendment. Thus, the CLRA claim is **DISMISSED without leave to amend**.

**8. Declaratory Relief, Quiet Title, and Cancellation of Instruments Claims**

The Complaint sets forth no specific allegations as to why the mortgage instruments are invalid or should be voided. It sets forth unclear and conclusory allegations, the propriety of which is difficult to assess. Plaintiffs' claims for declaratory relief, quiet title, and cancellation of instruments are therefore **DISMISSED with leave to amend**.

**9. Accounting Claim**

As Plaintiffs admit, accounting is a remedy, not a basis for a claim. Plaintiffs' accounting claim is therefore **DISMISSED without leave to amend**. However, our dismissal does not prohibit Plaintiffs from seeking accounting as a remedy where appropriate, based on a properly and sufficiently pleaded Complaint.

## IV. Conclusion

Defendants' Motion is **GRANTED**. The entire Complaint is **DISMISSED** pursuant to Rule 8. Additionally, the following claims are **DISMISSED without leave to amend**: (1) The CFCA claims; (2) the FDCPA and RFDCPA claims; (3) the wrongful foreclosure claim; (4) the CLRA claim; and (5) the accounting claim. The following claims are **DISMISSED with leave to amend**: (1) the fraud claim; (2) any claim based on violations of TILA; (3) any claim based on violations of California Finance Code §§ 4970-4979.8; (4) the breach of "contract/trust/fiduciary duty" claim; (5) the UCL claim; (6) the declaratory relief claim; (7) the quiet title claim; and (8) the cancellation of instruments claim.

Should Plaintiffs elect to file a First Amended Complaint, they **SHALL** do so within **30 days hereof**. Plaintiffs' failure to file a First Amended Complaint will be deemed their admission that

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 15-8819-GHK (JEMx) | Date | May 11, 2016 |
| Title | *Nicole A. Smith, et al. v. Bank of America, N.A., et al.* | | |

amendment is futile, and in that event, this action will be dismissed with prejudice. If Plaintiffs file a First Amended Complaint, Defendants **SHALL** respond to it within **30 days thereafter**.

We advise Plaintiffs that any First Amended Complaint shall set forth specific, concise *factual* allegations sufficient to state a plausible claim for relief. If Plaintiffs' First Amended Complaint fails to adequately and sufficiently cure the defects of the pertinent claims, we will conclude that further amendment is futile. We also caution Plaintiffs' counsel that any future First Amended Complaint must be consistent with the obligations under Federal Rule of Civil Procedure 11, which provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Failure to comply with Rule 11 may subject counsel to sanctions.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk Bea